UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KEVIN JOHN WITASICK, SR., and WHITNEY S. WITASICK, h/w | : : : : | Civil Action No. |
| Plaintiffs, | : : | 11-3895-NLH-JS |
| v. | : : | **OPINION** |
| CHARLES M. ESTES, et. al., | : : | |
| Defendants. | : : | |

**Appearances:**
JERALD R. CURETON
CURETON CLARK, PC
3000 MIDLANTIC DRIVE
SUITE 200
MT. LAUREL, NJ 08054
*Attorney for plaintiffs*

ARTHUR F. WHEELER
MARSHALL DENNEHEY
300 LAKE DRIVE EAST
SUITE 300
CHERRY HILL, NJ 08002
*Attorney for defendants*


**HILLMAN, District Judge**

This matter concerns a dispute regarding accounting services provided to plaintiffs by defendants over several years. Defendants filed a motion to dismiss arguing that plaintiffs did not comply with Federal Rule of Civil Procedure 4(m) by serving the summons and complaint within 120 days from the date of filing of the complaint, and that this Court cannot exercise personal jurisdiction over the defendants because they do not have the

requisite "minimum contacts" with the State of New Jersey. Plaintiffs have moved for an extension of time for service of the summons and complaint as well as for jurisdictional discovery and an evidentiary hearing.

Plaintiffs' motion for an extension of time to serve the complaint will be granted, but its request for jurisdictional discovery and an evidentiary hearing will be denied. Although the Court agrees with defendants that the minimum contacts with New Jersey do not exist and, therefore, this Court cannot exercise personal jurisdiction over the defendants in this matter, plaintiffs' complaint will not be dismissed. Rather, the case shall be transferred to the United States District Court for the District of Arizona.

## I.  **BACKGROUND**

Plaintiffs filed a complaint on July 6, 2011 alleging that this Court could exercise subject matter jurisdiction on grounds of complete diversity between the parties. On July 13, 2011, this Court determined <u>sua</u> <u>sponte</u> that the citizenship of the parties was improperly plead and issued an order directing plaintiffs to properly plead the citizenship of all the parties. On July 25, 2011, plaintiff filed an amended complaint pursuant to the Court's Order. No summons was requested or issued for the amended complaint until November 17, 2011. The amended complaint and summons were served on defendants on November 22, 2011, 139

2

days after the filing of the initial complaint.  Defendants seek to dismiss plaintiffs' amended complaint.

## II.  <u>JURISDICTION</u>

"[I]t is well established that the trial court has inherent power and jurisdiction to decide whether it has jurisdiction."  <u>In re Automotive Refinishing Paint Antitrust Litigation</u>, 358 F.3d 288, 303 (3d Cir. 2004) (citing <u>Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 102 S.Ct. 2099 (1982)).

The plaintiff states that this Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity). Plaintiffs are citizens of the State of New Jersey.  Individual defendants Charles M. Estes, Jane Doe Estes, Richard F. Avellone and Jane Doe Avellone are citizens of the State of Arizona. Defendant Cleveland Estes Avellone, PLLC has one member, defendant Charles M. Estes, who is a citizen of Arizona. Defendant Estes/Avellone CPA's, Ltd., f/k/a Estes/Avellone, Ltd., is incorporated in Arizona with its principal place of business in Arizona.  Defendant Charles M. Estes, P.C. f/k/a Estes, Mangel, & Company, P.C. is incorporated in Arizona with its principal place of business in Arizona.  Plaintiff alleges that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Defendants allege that this Court does not have

3

jurisdiction because the complaint was not timely served and, if timely served, the Court cannot exercise personal jurisdiction. While the Court will extend the time for service of the complaint, the minimum contacts needed to exercise personal jurisdiction over the defendants does not exist and, therefore, this matter will be transferred.

### III.  <u>DISCUSSION</u>

### A.   **Standard for Dismissal Pursuant to Rule 12(b)(5) (Insufficiency of Service of Process)**

Since "[t]he failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case," <u>Ayres v. Jacobs & Crumplar, P.A.</u>, 99 F.3d 565, 569 (3d Cir. 1996), it must first be determined whether the complaint was properly served.  If the complaint was not properly served, the action may be dismissed under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.  <u>See</u> Fed.R.Civ.P. 12(b)(5).

Plaintiff, the party responsible for effecting service, has the burden of proof to demonstrate validity of service. <u>Grand Entm't Group, Ltd. v. Star Media Sales, Inc.</u>, 988 F.2d 476, 488 (3d Cir. 1993).  Fed.R.Civ.P. 4(m) provides the time frame a plaintiff has to serve a defendant with the summons and copy of the complaint.  The rule provides:

If the service of the summons and complaint is not made

upon a defendant within 120 days after the filing of
the complaint, the court, upon motion or on its own
initiative after notice to the plaintiff, shall dismiss
the action without prejudice as to that defendant or
direct that service be effected within a specified
time; provided that if the plaintiff shows good cause
for the failure, the court shall extend the time for
service for an appropriate period.

Fed.R.Civ.P. 4(m).

Before a court may dismiss a complaint for insufficient
service of process, the court must apply a two-step inquiry.
Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d
Cir. 1995). First, the court should determine whether good cause
exists for a time extension. Id. If a plaintiff demonstrates
good cause, the time to serve process must be extended. Id. In
the absence of good cause, however, "the court may in its
discretion decide whether to dismiss the case without prejudice
or extend time for service." Id.; McCurdy v. Am. Bd. of Plastic
Surgery, 157 F.3d 191, 196 (3d Cir. 1998).

For purposes of Fed.R.Civ.P. 4(m), "good cause" has
been defined as tantamount to "excusable neglect," under
Fed.R.Civ.P. 6(b)(1)(B), which requires "a demonstration of good
faith on the part of the party seeking an enlargement and some
reasonable basis for noncompliance within the time specified in
the rules."[1] MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d

---

[1]     In MCI Telecomm. Corp., the rule is cited as
Fed.R.Civ.P. 6(b)(2). Id. at 1097. The rule permitting a court
to extend time for "excusable neglect" now appears under
subsection (b)(1)(B).

5

1086, 1097 (3d Cir. 1995).  Inadvertence and lack of diligent counsel are insufficient to establish good cause for an extension of time to serve process.  Braxton v. United States, 817 F.2d 238, 241 (3d Cir. 1987).  The finding of good cause generally hinges upon a plaintiff's reason for delay.  Law v. Schonbraun McCann Group, LLC, No. 08-2982, 2009 WL 3380321, *2 (D.N.J. October 19, 2009).  Therefore, a court should primarily focus on the reasons Plaintiff did not initially comply with the time limit.  MCI Telecomm. Corp., 71 F.3d at 1097.  The Third Circuit opined that in determining good cause courts have considered such factors as "(1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve." Id.; Ackerman v. Beth Israel Cemetery Ass'n of Woodbridge, N.J., No. 09-1097, 2010 WL 2651299, *4 (D.N.J. June 25, 2010); see Mason v. Therics, Inc., No. 08-2404, 2009 WL 44743, *2 (D.N.J. January 6, 2009) (noting that solely an absence of prejudice cannot constitute good cause to excuse late service).

　　　　Defendants state that plaintiffs filed their complaint on July 6, 2011, but that the amended complaint was not served until November 22, 2011, 139 days later.  Plaintiffs do not dispute that the "[f]iling of amended complaint does not extend the 120-day time for service of process." Finch v. George, 763 F.Supp. 967, 968 (N.D.Ill. 1991) aff'd, 991 F.2d 799 (7th Cir.

6

1993); see Mopex, Inc. v. American Stock Exchange, LLC, No. 02-1656, 2002 WL 342522, at *9 (S.D.N.Y. Mar. 5, 2002) (rejecting assertion that 120-day time period began to run upon filing of the first amended complaint and ruling that 120-day time period began on date action removed to federal court).  Plaintiffs, however, argue that the corporate defendants were not properly identified in the original complaint so that the amended complaint named "new" defendants thereby restarting the 120-day service period.

The amended complaint did not add any "new" defendants. Rather, the plaintiffs did not correctly plead the citizenship of the parties prompting the Court to enter an order for plaintiffs to properly plead diversity jurisdiction.  In response to the Court's order, plaintiffs filed an amended complaint which also corrected the corporate defendants' names or type of entity.  The corporate defendants named in the amended complaint are the same entities named in the original complaint.[2]  There is no allegation that the wrong entity was sued in the original

---

[2]     The defendants named in the original complaint were: (1) Charles M. Estes, (2) Jane Doe Estes, (4) Richard F. Avellone (4) Jane Doe Avellone, (5) Charles M. Estes, CPA, (6) Estes/Avellone CPA's; (7) Cleveland Estes Avellone CPA's; and (8) Black and White Accounting Partnerships and/or Corporations. The amended complaint named the following defendants: (1) Charles M. Estes, (2) Jane Doe Estes, (4) Richard F. Avellone (4) Jane Doe Avellone, (5) Cleveland Estes Avellone CPA PLLC, (6) Estes/Avellone CPAs, Ltd., and (8) Charles M. Estes, P.C. f/k/a Estes, Mangel & Company, P.C.

complaint, only that the entity was not named correctly.  Thus, the 120-day service period did not start anew for the corporate defendants upon the filing of the amended complaint.

Accordingly, all defendants were required to be served within 120 days from the date the original complaint was filed. Plaintiffs argue that they had good cause for failing to serve the defendants within the 120 day period because the Clerk of Court did not issue a summons until November 17, 2011, and because the parties were engaged in settlement negotiations.

While a summons signed and sealed by the Clerk of Court is an absolute requirement for proper service, <u>Ayres</u>, 99 F.3d at 569-70, there was no attempt by plaintiff to obtain a summons for the amended complaint until November 17, 2011.  In other words, even if the summons was issued on the date the amended complaint was filed, plaintiffs have not shown that service would have been effected within the requisite time period.  The summons for the amended complaint was issued on the same day as requested by plaintiffs.  Plaintiffs did not file a request for summons prior to November 17, 2011.  Thus, the delay in service is not due to the dilatoriness of the Clerk.

Plaintiffs also argue that after the amended complaint was filed, they reached out to a third party and mutual acquaintance, attorney Paul Valentino, to discuss settlement with the defendants.  Plaintiffs provided Valentino with a copy of the

8

amended complaint who stated that he would give a copy to defendant Estes, and through, Estes, to the other defendants. Plaintiffs state that they learned through Valentino that he did not give the defendants a copy of the amended complaint because they already had a copy of it.  Apparently, the defendants' insurance carrier obtained a copy, which in turn filed a declaratory judgment action in Arizona federal court against the same defendants named in this action and attached plaintiffs' amended complaint as an exhibit.  Thus, the defendants, who were all served with the declaratory action complaint, also had a copy of the amended complaint which was attached as an exhibit.

Plaintiffs maintain that settlement discussions are pending, but acknowledge that defendant Estes had expressed to Valentino that there was a potential statute of limitations defense.

There is no dispute that proper service was made on November 22, 2011 - 139 days from the date the original complaint was filed.  There is also no dispute that defendants had a copy of the amended complaint and, therefore, no prejudice has been shown by the untimely service of the complaint.  "[A]bsence of prejudice alone" however, "can never constitute good cause to excuse late service." MCI Telecomm. Corp., 71 F.3d at 1097 (finding that "while the prejudice may tip the 'good cause' scale, the primary focus is on the plaintiff's reasons for not

complying with the time limit in the first place.").

Although there is no dispute that the parties had discussed settlement,[3] plaintiffs have not presented a clear reason why they were unable to properly serve the complaint and summons during negotiations.  See Delbane v. Manor, No. 11-1093, 2012 WL 1593146, at *1, 3 (W.D.Pa. May 7, 2012) (rejecting as good cause excuse that delay in service resulted from counsel's efforts to settle the case which consisted of requesting and receiving a settlement demand); cf. Gambino v. Village of Oakbrook, 164 F.R.D. 271, 274 (M.D.Fla. 1995) (finding good cause for delay where plaintiff sent copy of complaint to defendant's insurance adjuster who he believed was negotiating settlement in good faith and who requested that plaintiff not serve defendant during negotiations).

Thus, plaintiffs have not shown "good cause" for their failure to properly serve defendants with the amended complaint and summons pursuant to Rule 4(m).  However, "[e]ven if a plaintiff fails to show good cause, the [court] must still consider whether any additional factors warrant a discretionary extension of time."  Himmelreich v. United States, 285 Fed. App'x

_____

[3]     Although defendants do not directly dispute that settlement discussions occurred, they state that plaintiffs did not attach an affidavit from Valentino attesting to any of the conversations relied upon by plaintiffs.  In response, plaintiffs attached the declaration of Paul Valentino who attests that all the statements made by the Witasicks in their declaration attributable to him are true and correct.

5,7 (3d Cir. 2008); see also Petrucelli, 46 F.3d at 1307 ("[T]he district court must consider whether any other factors warrant extending time even though good cause was not shown."). Under the Court's discretionary analysis, the Court may "consider and balance several factors including 1) actual notice of the action, 2) prejudice to the defendant, 3) statute of limitations, 4) conduct of the defendant, 5) whether the plaintiff is represented by counsel, and 6) any other relevant factor." Jumpp v. Jerkins, 08-6268, 2010 WL 715678, at *7 (D.N.J. Mar. 1, 2010) (citing Chiang v. U.S. Small Bus. Admin., 331 Fed. Appx. 113, 116 (3d Cir. 2009)).

        Balancing the above factors, the Court finds that plaintiffs are represented by counsel and are attorneys themselves.  Plaintiffs also failed to request an enlargement of time to serve the amended complaint. See Delbane v. Manor, No. 11-1093, 2012 WL 1593146, at *2 (W.D.Pa. May 7, 2012) (finding plaintiff did not act diligently by not requesting an enlargement of time until after the 120 day period had long expired). However, an important factor is whether there is a statute of limitations issue if the case is dismissed for insufficient service of process. See Boley v. Kaymark, 123 F.3d 756, 758-59 (3d Cir. 1997) (acknowledging that in drafting the amendment of Rule 4(m), the Advisory Committee plainly had in mind authorizing the court to relieve a plaintiff of the consequences of

11

application of the statute of limitations even if no good cause shown).

Here, defendants indicated to Valentino that they believe they have a valid statute of limitations defense. Plaintiffs have stated that if the amended complaint were dismissed that defendants would be able to raise a statute of limitations defense to some of the allegations due to the passage of time since the filing of the complaint.  In addition, defendants had actual notice of the action and there is no prejudice due to the untimely service.  Although plaintiffs served defendants 19 days beyond the deadline, the Court, in its discretion, will enlarge the time for service to November 22, 2012.  Thus, defendants' motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process will be denied and plaintiffs' motion to extend the 120 day service requirement will be granted.

### B.   Standard for Dismissal Pursuant to Rule 12(b)(2) (Lack of Personal Jurisdiction)

Having determined that the amended complaint and summons were properly served, the issue is whether this Court can exercise personal jurisdiction over the defendants.  Due process requires that in order for a Court to exercise personal jurisdiction over a defendant, there must be "minimum contacts" in the forum state so that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice."

Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  There
are two types of personal jurisdiction: general jurisdiction and
specific jurisdiction.  See Marten v. Godwin, 499 F.3d 290, 296
(3d Cir. 2007).  "General jurisdiction exists when a defendant
has maintained systematic and continuous contacts with the forum
state."  Id. (citing Helicopteros Nacionales de Colombia, S.A. v.
Hall, 466 U.S. 408, 414-15 & n. 8 (1984)).  "Specific
jurisdiction exists when the claim arises from or relates to
conduct purposely directed at the forum state."  Id. (citing
Helicopteros,466 U.S. at 414-15 & n. 9).[4]

---

[4]     Plaintiffs do not distinguish between general or
specific jurisdiction.  See Helicopteros, 466 U.S. at 414 n.8.
As explained by the Supreme Court, "[a] court may assert general
jurisdiction over foreign (sister-state or foreign-country)
corporations to hear any and all claims against them when their
affiliations with the State are so 'continuous and systematic' as
to render them essentially at home in the forum State.  Goodyear
Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2851
(2011) (citing International Shoe, 326 U.S., at 317, 66 S.Ct.
154).  "Specific jurisdiction, on the other hand, depends on an
"affiliatio[n] between the forum and the underlying controversy,"
principally, activity or an occurrence that takes place in the
forum State and is therefore subject to the State's regulation."
Id. (citations omitted).  "In contrast to general, all-purpose
jurisdiction, specific jurisdiction is confined to adjudication
of 'issues deriving from, or connected with, the very controversy
that establishes jurisdiction.'"  Id.
        Plaintiffs do not appear to rely on general
jurisdiction.  Plaintiffs do not allege facts that could
establish that defendants maintained "continuous and systematic"
contacts with New Jersey.  Indeed, plaintiffs stated that the
fact that defendants are not licensed to practice in New Jersey
and do not maintain any offices here is "irrelevant" and rely
instead on defendants' alleged contacts with the plaintiffs and
work related to the plaintiffs.  Thus, plaintiffs seem to rely on
specific jurisdiction and, therefore must show that the
defendants purposefully directed activities toward the forum, and

After a motion to dismiss is filed pursuant to Fed.R.Civ.P. 12(b)(2), the burden shifts to the plaintiff to provide sufficient facts to establish jurisdiction.  See IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 257 (3d Cir. 1998); Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1121 (W.D.Pa. 1997).  The plaintiff must "... sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence..." and cannot rely "on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." See Weber v. Jolly Hotels, 977 F.Supp. 327, 331 (D.N.J. 1997) (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 67 n. 9 (3d Cir. 1984)).  Further, "in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002)).  A Court must look beyond the pleadings in deciding a Rule 12(b)(2)

---

that their claims arise out of or relate to one of defendants' specific acts.  See, e.g., Kehm Oil Co. v. Texaco, Inc., 537 F.3d 290, 300 (3d Cir. 2008).  If plaintiffs present evidence in support of specific jurisdiction, then the court considers whether additional factors ensure that jurisdiction comports with traditional notions of fair play and substantial justice.  Id. As explained infra, plaintiffs presented no facts that could show that defendants purposefully directed their activities to New Jersey.

14

motion.  Id.

        Defendants argue that they do not have the minimum
contacts with the State of New Jersey to satisfy due process
requirements under the Fourteenth Amendment and, therefore, the
complaint should be dismissed for lack of personal jurisdiction.
In support of their motion to dismiss, defendants submit the
declarations of defendants Estes and Avellone who state that they
are not licensed to perform accounting services in New Jersey and
state that they have never provided accounting services or
maintained a place of business in New Jersey.  They also state
that the corporate defendants have never provided accounting
services or maintained a place of business in New Jersey.

        In response, plaintiffs submitted a declaration
detailing the history of their relationship with the defendants
from approximately 1986 until 2001.  Although plaintiffs provide
sufficient detail in their declaration and amended complaint
regarding the accounting services provided by Estes, and later by
Avellone, there are no specific facts concerning defendants'
contacts with the State of New Jersey.  Plaintiffs only generally
state that they "communicated and did business with the
defendants in the states of New Jersey, Arizona, New Hampshire,
and Virginia."  Plaintiffs also state that contrary to the Estes
and Avellone declarations, the defendants did sell and provide
accounting services to plaintiffs in New Jersey and intentionally

15

targeted their electronic communications to plaintiffs in New Jersey.

Plaintiffs have not made a prima facie showing that this Court can exercise personal jurisdiction over the defendants.[5]  Because defendants have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), plaintiffs have the burden to plead facts that establish jurisdiction.  See IMO Indus., 155 F.3d at 257; Zippo, 952 F.Supp. at 1121.  All that plaintiffs have provided are general statements that defendants conducted business in New Jersey.  They generally allege that they "communicated and did business" with defendants in over four States using the telephone, fax, mail, electronic mail and the Internet, but make no distinction as to what activities were directed to plaintiffs in New Jersey, when, and for how long.[6]

---

[5]     In cases, such as here, where the Court does not hold an evidentiary hearing prior to a determination of the existence of personal jurisdiction, the Court applies a prima facie standard.  LaSala v. Marfin Popular Bank Public Co., Ltd., 410 Fed.Appx. 474, 476 (3d Cir. 2011) (citing O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007)).  "Even if the plaintiff meets this prima facie standard, however, the ultimate burden remains on the plaintiff to demonstrate the existence of jurisdiction by a preponderance of the evidence."  Id. (citing Carteret Sav. Bank. FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992)).

[6]     Plaintiffs' citations to Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446 (3d Cir. 2003), and Zippo are not helpful since those cases deal with a defendant's interactive web site which, in this case, plaintiffs have never alleged exists let alone presented facts as to how defendants used their interactive web site to target New Jersey or purposefully avail themselves of the privilege of conducting activities within New Jersey.

Based on the allegations in the amended complaint and declaration, all of the events occurred while plaintiffs were either living in Arizona, New Hampshire or Virginia. Specifically, the allegations concentrate on events that occurred after plaintiffs purchased a multi-use property in Virginia. There are no facts concerning any events that occurred in New Jersey.

Presumably, by way of explanation concerning the paucity of jurisdictional facts, plaintiffs state that they suffered a devastating house fire in August 2007, at their New Jersey home and as a result, the great majority of their personal and business records were severely damaged or destroyed.  In order to uncover defendants' documents, plaintiffs request that the Court permit jurisdictional discovery.

The Third Circuit has ruled that "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'"  Toys "R" Us, 318 F.3d at 456 (citing Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997)).  "If a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,'  the plaintiff's right to conduct jurisdictional discovery should be

_____

17

sustained." Id. (internal citation omitted).  However,
jurisdictional discovery should not serve as "a fishing
expedition based only upon bare allegations, under the guise of
jurisdictional discovery."  LaSala v. Marfin Popular Bank Public
Co., Ltd., 410 Fed.Appx. 474, 478 (3d Cir. 2011).

        Plaintiffs' jurisdictional claims are "clearly
frivolous."  All that plaintiffs have presented is that at some
undisclosed time period, defendants transacted business with
plaintiffs among four states, one of which was New Jersey.  Such
allegations fall far short of the showing needed to grant
jurisdictional discovery.  See Massachusetts School of Law at
Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir.
1997) (agreeing that "a mere unsupported allegation that the
defendant 'transacts business' in an area is 'clearly
frivolous.'") (citations omitted); Reading v. Sandals Resorts
Intern., Ltd., No. 06-3511, 2007 WL 952031, at *3-4 (D.N.J. Mar.
28, 2007) (denying jurisdictional discovery because claim was
"clearly frivolous" and finding only connection with New Jersey
to be plaintiff's residence in New Jersey).  Defendants have
submitted affidavits that they did not transact any business with
plaintiffs in New Jersey.  Plaintiffs, who have the burden of
establishing jurisdiction, have not countered with any
jurisdictional facts.  See Southern Seafood Co. v. Holt Cargo
Systems, Inc., No. 96-5217, 1997 WL 539763, at *8 (E.D.Pa. Aug.

18

11, 1997) (denying jurisdictional discovery where defendants submitted affidavits attesting to a lack of jurisdictional contacts and plaintiffs countered with affidavits of mere speculation). Even if most of their business documents were destroyed in a fire, plaintiffs should have some knowledge of when and how they conducted business with the defendants specifically in the State of New Jersey. Plaintiffs' statements are conclusory and speculative. They have presented no factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between defendants and the forum state. Thus, plaintiffs have provided no basis upon which it could be inferred that defendants would have documents to support their allegation that they transacted business in New Jersey. Therefore, plaintiffs' request for jurisdictional discovery and an evidentiary hearing will be denied.

Given that this Court cannot exercise personal jurisdiction over the defendants in this matter, the issue becomes whether to dismiss or transfer the case. Although the defendants filed a motion to dismiss, defendants have conceded that if the Court is not inclined to dismiss the case, that venue is proper in Arizona. Plaintiffs also request that this case be transferred to Arizona in lieu of dismissal.

"[W]here the original venue is improper," 28 U.S.C. §

1406(a) provides for transfer or dismissal of a case.[7]  Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995).  "Dismissal is considered to be a harsh remedy ... and transfer of venue to another district court in which the action could originally have been brought, is the preferred remedy."  NCR Credit Corp. v. Ye Seekers Horizon, 17 F.Supp.2d 317, 319 (D.N.J. 1998) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962)).

        In this matter, the Court concludes that dismissal of the case would be a harsh remedy given that a statute of limitations issue will arise.  Given this action could have been originally brought in Arizona where the defendants are citizens, and given that all parties have consented to having this matter transferred to Arizona, the Court will transfer this case to the United States District Court for the District of Arizona.

### IV.  CONCLUSION

        Plaintiffs' motion for an extension of time to serve the complaint will be granted, but its request for jurisdictional discovery and an evidentiary hearing will be denied.  Defendants'

---

[7]     Section 1404(a) states:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1406(a) .

motion to dismiss will be granted in part and denied in part.

The Clerk of Court will be directed to transfer this matter to

the United States District Court for the District of Arizona.

  An Order will be entered consistent with this Opinion.


            s/Noel L. Hillman

At Camden, New Jersey    NOEL L. HILLMAN, U.S.D.J.

Date:   July 30, 2012